

**ORDERED in the Southern District of Florida on October 6, 2014.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                           Case No. 14-26776-BKC-EPK

PENELOPE LATHAM,                                  Chapter 11

      Debtor.
_____/

## ORDER GRANTING DEBTOR'S MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIENS ON REAL PROPERTY

**(Modifying Rights of Green Tree Servicing LLC, Bank of America, N.A., City of West Palm Beach, Florida and EBC Asset Investment, Inc.)**

*(Property Address: 718 New Jersey St, West Palm Beach, FL 33401-6644)*

THIS CAUSE came on before the Court on October 1, 2014 at 1:30 p.m., upon the

Debtor's Motion to Value and Determine Secured Status of Liens on Real Property [ECF No. 46]

(the "Motion"). Based on the Debtor's assertions made in support of the Motion, without

opposition by any creditor or interested party, having considered the record in this case, and

being duly advised in the premises, the Court FINDS as follows:

      A.      The value of the Debtor's real property (the "Real Property") located at 718 New

Jersey St, West Palm Beach, FL 33401-6644, and more particularly described as:

> Lots 161 and 162, Grandview Heights Subdivision, according to the Plat thereof, as recorded in the Office of the Clerk of the Circuit Court, in and for Palm Beach County, Florida, in Plat Book 7, Page 58,

is $134,300.00 at the time of the filing of this case.

B.      The total of all claims secured by liens on the Real Property senior to the lien of Green Tree Servicing, LLC ("Green Tree Servicing"), specifically with regard to its First Mortgage (as defined in the Motion) (hereinafter, the "First Mortgage") is $0.00.

C.      However, the equity in the Real Property for which Green Tree Servicing has a secured interest is $134,300.00 and Green Tree Servicing has a secured interest in the Real Property in such amount, specifically with regard to its First Mortgage.

D.      The total of all claims secured by liens on the Real Property senior to the lien of Bank of America, N.A., successor in interest to Countrywide Home Loans, Inc. ("Bank of America"), specifically with regard to its Second Mortgage (as defined in the Motion) is $187,998.00.

E.      The equity remaining in the Real Property after payment of all claims secured by liens senior to the Bank of America Second Mortgage is $0.00 and Bank of America has a secured interest in the Real Property in such amount, specifically with regard to its Second Mortgage.

F.      The total of all claims secured by liens on the Real Property senior to the liens of the City of West Palm Beach, Florida (the "City of West Palm Beach"), specifically with regard to its First City Lien and its Second City Lien (as defined in the Motion) (collectively, the "City Liens"), is $215,498.00.

G.      The equity remaining in the Real Property after payment of all claims secured by liens senior to the City Liens of the City of West Palm Beach is $0.00 and the City of West Palm Beach has a secured interest in the Real Property in such amount, specifically with regard to its

City Liens.

H.        The total of all claims secured by liens on the Real Property senior to the lien of

EBC Asset Investment, Inc. ("EBC Asset Investment"), specifically with regard to its EBC Asset

Investment Judgment Lien (as defined in the Motion) is $511,698.00.

I.        The equity remaining in the Real Property after payment of all claims secured by

liens senior to the EBC Asset Investment Judgment Lien is $0.00 and EBC Asset Investment

has a secured interest in the Real Property in such amount, specifically with regard to its EBC

Asset Investment Judgment Lien.

Consequently, it is **ORDERED** as follows:

1.        The Motion is **GRANTED**.

2.        Green Tree Servicing has an allowed secured claim in the amount of

$134,300.00, specifically with regard to its First Mortgage.

3.        Green Tree Servicing has not filed a proof of claim in this case, with regard to its

First Mortgage on the Real Property.   However, the Debtor has scheduled Green Tree

Servicing's claim on her Schedule "D".   Therefore, Green Tree Servicing's claim, with respect to

its First Mortgage, shall be classified as a secured claim in the amount provided in paragraph 2

above, and as a general unsecured claim in the amount of $53,698.00, regardless of the original

classification in any timely-filed proof of claim or the Debtor's schedules.

4.        Bank of America has an allowed secured claim in the amount of $0.00,

specifically with regard to its Second Mortgage against the Real Property.

5.        Because Bank of America's secured interest in the Real Property is $0.00, the

Bank of America Second Mortgage recorded on June 24, 2004, in Book 17158, Page 1046, in

the Public Records of Palm Beach County, Florida shall be deemed void and shall be

extinguished automatically, without further order of the Court, upon entry of the Debtor's

discharge in this Chapter 11 case.  If this case is converted to a Chapter 7 case or if the Chapter

11 case is dismissed, then the Bank of America Second Mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

6.      Bank of America has not filed a proof of claim in this case, with regard to its Second Mortgage on the Real Property.  However, the Debtor has scheduled Bank of America's claim on her Schedule "D".  Therefore, Bank of America's claim, with respect to its Second Mortgage, shall be classified as a secured claim in the amount provided in paragraph 4 above, and as a general unsecured claim in the amount of $27,500.00, regardless of the original classification in any timely-filed proof of claim or the Debtor's schedules.

7.      The City of West Palm Beach has an allowed secured claim in the amount of $0.00, specifically with regard to its City Liens against the Real Property.

8.      Because the City of West Palm Beach's secured interest in the Real Property is $0.00, the First City Lien recorded on December 18, 2008, in Book 22999, Page 1454, in the Public Records of Palm Beach County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the Debtor's discharge in this Chapter 11 case, but only specifically with regard to the Real Property.  Furthermore, the Second City Lien recorded on July 1, 2010, in Book 23931, Page 1414, in the Public Records of Palm Beach County, Florida shall also be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the Debtor's discharge in this Chapter 11 case, but only specifically with regard to the Real Property.  If this case is converted to a Chapter 7 case or if the Chapter 11 case is dismissed, then the City of West Palm Beach's City Liens will no longer be considered void and shall be restored as liens on the Real Property.

9.      The City of West Palm Beach has not filed a proof of claim in this case, with regard to its City Liens on the Real Property.  However, the Debtor has scheduled the City of West Palm Beach's claims on her Schedule "D".  Therefore, the City of West Palm Beach's claim, with respect to its City Liens, shall be classified as a secured claim in the amount

provided in paragraph 7 above, and as a general unsecured claim in the amount of $296,200.00 (or such other amount as agreed to between the parties or after remediation of the violations relating to the City Liens), regardless of the original classification in any timely-filed proof of claim or the Debtor's schedules.

10.    EBC Asset Investment has an allowed secured claim in the amount of $0.00, specifically with regard to its EBC Asset Investment Judgment Lien against the Real Property.

11.    Because EBC Asset Investment's secured interest in the Real Property is $0.00, the EBC Asset Investment Judgment Lien recorded on April 3, 2013, in Book 25922, Page 0969, in the Public Records of Palm Beach County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the Debtor's discharge in this Chapter 11 case, but only specifically with regard to the Real Property.  If this case is converted to a Chapter 7 case or if the Chapter 11 case is dismissed, then the EBC Asset Investment Judgment Lien will no longer be considered void and shall be restored as a lien on the Real Property.

12.    EBC Asset Investment has not filed a proof of claim in this case, with regard to its EBC Asset Investment Judgment Lien on the Real Property.  However, the Debtor has scheduled EBC Asset Investment's claim on her Schedule "D".  Therefore, EBC Asset Investment's claim, with respect to its EBC Asset Investment Judgment Lien, shall be classified as a secured claim in the amount provided in paragraph 10 above, and as a general unsecured claim in the amount of $134,780.15 (or such other amount as set forth in a proof of claim that has been deemed or adjudicated as an allowed claim), regardless of the original classification in any timely-filed proof of claim or the Debtor's schedules.

13.    The Real Property may not be sold or refinanced without proper notice and further order of the Court.

14.    Notwithstanding the foregoing, this Order is not recordable or enforceable until the

Debtor receives a discharge in this Chapter 11 case.

**###**

**Submitted by:**

Zach B. Shelomith, Esq.
Leiderman Shelomith, P.A.
2699 Stirling Road, Suite C401
Ft. Lauderdale, FL 33312
Telephone (954) 920-5355
Facsimile (954) 920-5371
zshelomith@lslawfirm.net

**Copies furnished to:**

Zach B. Shelomith, Esq.

Attorney Shelomith is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.